# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Case No. 5:13cr00025-8 |
| ) | |
| *v*. ) | **REPORT AND** |
| ) | **RECOMMENDATION** |
| ) | |
| ASHTON GRACE KERN, ) | |
| ) | By: Hon. James G. Welsh |
| *Defendant* ) | U.S. Magistrate Judge |

On October 30, 2014 came the United States, by counsel, and came also the defendant, in her own proper person and by her counsel. At which time counsel for the parties jointly represented that the parties had entered into a plea agreement, pursuant to Rule 11 of the Federal Rules of Criminal Procedure. In accordance with the provisions of Title 28 U.S.C. § 636(b)(3) and upon the defendant's informed and written consent, this case was referred to the undersigned for the purpose of conducting a plea hearing (docket #223).

As set forth in more detail in the Third Superseding Indictment (docket #122), the Grand Jury previously returned a multiple count, multiple defendant, Third Superseding Indictment ("the Indictment") charging the above-named defendant in **Count One** that beginning on or about the Summer of 2011 and continuing to September 2013, in the Western Judicial District of Virginia and elsewhere, this defendant and others, known and unknown, did knowingly and intentionally combine, conspire, confederate and agree with other persons, both known and unknown to the Grand Jury, to knowingly and intentionally distribute and possess with intent to distribute a mixture or substance containing a detectable amount of heroin, a Schedule I

controlled substance, and to distribute and possess with intent to distribute a mixture or substance containing a detectable amount of cocaine base, also known as "crack," a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), All in violation of 21 U.S.C. § 846. In addition, the Indictment contains a **Notice of Forfeiture** apprising the above-named defendant that certain of her property is subject to forfeiture upon conviction of the offense alleged against her.

The Rule 11 plea hearing was recorded by a court reporter. *See* Rule 11(g). The United States was represented by Donald R. Wolthuis, Assistant United States Attorney. The defendant was at all times present in person and with her counsel, Michael Hemenway  Inquiry was made to the defendant pursuant to Rule 11(b) and (c); the government presented an oral proffer of evidence for the purpose of establishing an independent basis for the plea, and the defendant entered a plea of guilty to the felony offense charged in Count One of the Indictment.

## DEFENDANT'S RESPONSES TO RULE 11 INQUIRIES

After the defendant was placed under oath, she was addressed personally in open court. She stated she understood her obligation to testify truthfully in all respects under penalty of perjury, and she understood the government's right in a prosecution for perjury or false statement to use against her any statement that she gives under oath. *See* Rule 11(b)(1)(A)

The defendant testified to the following personal facts: her full legal name is ASHTON GRACE KERN; she is twenty-three (23) years of age, and she has a high school education. She stated she understood she was in court for the purpose of entering a plea of guilty to a felony offense which she could not later withdraw. Upon inquiry, the defendant's attorney represented that he had no reservations about the defendant's competency to enter a plea of guilty to the charged felony offense set forth in Count One of the Indictment.

The defendant acknowledged that she had received a copy of the Indictment, and it had been fully explained to her. She stated that she had discussed the charge with her attorney and had been given enough time to do so. She stated she understood the nature of the charge against her in the Indictment and specifically understood it charged a felony offense and contained a forfeiture notice. *See* Rule 11(b)(1)(G). She testified she had discussed any possible defenses with her attorney, and she had been given adequate time to prepare any defenses she might have to the charge. She stated that her decision to enter a plea of guilty to Count One had been made after consulting with her attorney. She stated she was fully satisfied with the services of her attorney, and it was her intention and desire to enter a plea of guilty to Count One pursuant to the terms of the plea agreement.

The defendant confirmed that she fully recognized and understood her right to have the Rule 11 hearing conducted by a United States district judge, and she gave her verbal and written consent to proceed with the hearing before the undersigned United States magistrate judge. The defendant's written consent was filed and made a part of the record.

Counsel for the parties having previously informed the court that the defendant's proposed plea was to be made pursuant to a written plea agreement (*see* Rule 11(c)(2)), counsel for the government next set forth the government's understanding of the plea agreement in some detail: including the agreement for the defendant to enter a plea of guilty to Count One of the Information charging her with participating in a criminal conspiracy to distribute and to possess with intent to distribute both "crack" cocaine and heroin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) [¶ A.1.]; the defendant's express acknowledgment of the maximum statutory penalty for the offense charged in Count One [¶ A.1.]; the defendant's understanding that she may be required to pay fees for her incarceration and supervised release, that she may be required to pay restitution, and that her assets may be subject to forfeiture [¶¶ A.1. and B.4.];

3

the defendant's admission of her factual guilt to the offense charged in Count One of the Indictment [¶ A.1.]; the defendant's various monetary obligations, including payment of a $100.00 special assessment and the related restitution and assessment provisions [¶¶ A.1 and B.4.a.]; the defendant's express acknowledgment of the trial rights waived by entry of a voluntary plea of guilty [¶ A.2]; the agreement's provision outlining the fact that sentencing is within the sole discretion of the court "subject to its consideration" of the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a) [¶ B.1.]; the defendant's express recognition that she would not be allowed to withdraw her guilty plea irrespective of the sentence imposed by the court [¶ B.1.]; the parties' agreement for purposes of guideline sections 2D1.1 and 1B1.3 that the exact drug weight is a factual matter to be determined by the court, and the defendant's agreement to be bound by that factual finding [B.2.]; the acceptance of responsibility provision [1] [¶ B.2.]; the substantial assistance provision [2] [¶ B.3.]; the defendant's monetary, financial disclosure and related obligation [3] [¶ B.4.a.-c.]; the terms of the defendant's express relinquishment of her waivable rights of direct appeal [¶ C.1.]; the terms of the defendant's express relinquishment of his waivable rights to make any collateral attack on any judgment or sentence imposed by the court [¶ C.2.]; the defendant's abandonment of any seized property [¶ C.5.]; the defendant's waiver of all rights to access of investigation or prosecution records or information [¶C.3.]; the defendant's acknowledgment that she had been effectively represented in this case [¶ F.3.]; the parties' express acknowledgment that the written plea agreement constituted the entire understanding between the parties [¶D.2.]; the defendant's satisfaction

---

[1] Counsel for the government noted for the record that the defendant had earned full acceptance of responsibility for her conduct.

[2] Counsel for the government also noted for the record that the defendant was "on track" for receipt of a sentencing departure under this provision of the plea agreement.

[3] Counsel for the government additionally noted for the record that administrative forfeiture was not being sought in this case.

4

with the advice and assistance of his attorney [§ D.3.]; and the substance of the agreement's other terms and provisions. *See* Rule 11(b)(1)(B)–(O) and 11(c)(1)–(3).

After which, the defendant was asked what her understanding of the terms of the agreement was, and she testified that her understanding was precisely the same as that set forth by the government's attorney. Counsel for the defendant, likewise, represented that his understanding was the same, and he further represented that the plea agreement had been fully discussed and its terms reviewed with the defendant, and he was satisfied that the defendant understood all of its terms.

The defendant was then shown the plea agreement; and she affirmed it to be her signature on the document. She further testified that no one had made any other, different or additional promise or assurance of any kind in an effort to induce her to enter a plea of guilty and that no one had attempted in any way to force her to plead guilty in this case. The agreement was then received, filed and made a part of the record, and it was noted for the record that the written plea agreement constitutes the best evidence of its terms, and as such it "speaks for itself."

After counsel for the government outlined the range of punishment for the offense charged in Count One of the Indictment the defendant acknowledged that she understood the maximum penalty provided by law for the said offense was confinement in a federal penitentiary for a term of twenty (20) years, a fine of $1,000.000.00 and a term of supervised release or at least three (3) years. *See* Rule 11(b)(1)(H)-(I). In addition, the defendant acknowledged that she understood that she would be required to pay a mandatory $100.00 special assessment per felony conviction count. *See* Rule 11(b)(1)(L).

The defendant then acknowledged that she knew her plea, if accepted, would result in her being adjudged guilty of a felony offense and that such adjudication may deprive her of valuable

civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess any kind of firearm.

The defendant was informed, and she expressly acknowledged, that the court's determination of her sentence would include consideration of multiple factors, including: the nature and circumstances of the offense; the defendant's history and characteristics; the seriousness of the offense; the need to promote respect for the law; the need to provide for just punishment and afford adequate deterrence; the need to protect the public; any determined need to provide the defendant with educational or vocational training, medical care or other correctional treatment in the most efficient manner; the kinds of available sentences; the pertinent sentencing guidelines and policy statements; the need to avoid unwanted sentence disparities; and any need to provide for restitution. She also acknowledged that she understood the court may order her to make full restitution to any victim and may require her to forfeit certain of her property to the government. *See* Rule 11(b)(1)(J)–(K).

The defendant testified that she and her attorney had talked about how the Sentencing Commission Guidelines might apply to her case and the court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Guidelines and other factors under 18 U.S.C. § 3553(a). *See* Rule 11(b)(1)(M). She stated that she understood that the court will not be able to determine the recommended guideline sentence for her case until after the pre-sentence report had been completed and she and the government each had an opportunity to challenge the facts reported by the probation officer.

The defendant then acknowledged that she knew the entry of a guilty plea constituted an admission of all of the elements of a formal felony charge, and she knew that irrespective of any sentence imposed by the court she would have no right to withdraw this guilty plea. *See* Rule 11(c)(3)(B). She acknowledged that she knew parole had been abolished and that she would not

6

be released on parole.  She further acknowledged that she knew and understood any sentence of incarceration imposed by the court could include a period of supervised release, or could subject her to deportation from this country.  *See* Rule 11(b)(1)(H) and (O).

Pursuant to the terms of the plea agreement [¶ C.1.], the defendant expressly acknowledged that she understood that she was giving-up all of her waivable rights to appeal. Likewise, pursuant to the terms of the plea agreement [¶ C.2.], she expressly acknowledged that she understood she was similarly giving-up all of her waivale tights to challenge her conviction or her sentence in any post-conviction proceeding.

Her procedural rights surrendered on a plea of guilty were also explained: including, her right to plead not guilty to any offense charged against her and her right to persist in any not guilty plea; her attendant right to a trial by an impartial jury; her right to counsel to assist in her defense; her presumption of innocence, the obligation of the government to prove her guilt beyond a reasonable doubt, her right at trial to see, to hear, to confront, and to have cross-examined all witnesses presented against her; her right to decline to testify unless she voluntarily elected to do so in her own defense, her right to remain silent; her right to the issuance of subpoenas or compulsory process to compel the attendance of witnesses to testify in her defense, and her right to a unanimous jury verdict.  *See* Rule 11(b)(1)(B)–(E).  The defendant testified that she understood her right to plead not guilty and the attendant trial rights that she would waive by pleading guilty.  *See* Rule 11(b)(1)(F).

In direct response to further questioning, the defendant also testified that she was pleading guilty to the offense charged in Count One because she had in fact engaged in the criminal activity alleged against her in Count One of the Indictment.

## GOVERNMENT'S EVIDENCE

7

To permit the court to determine whether an independent basis in fact existed for the defendant's plea, counsel for the government made an oral proffer, which summarized the essential facts the government was prepared to prove at trial. Therein, it was represented that this case is the outgrowth of a "massive" conspiracy involving various co-defendants involved in the distribution of heroin and "crack" cocaine in the Woodstock (.W.D.Va.) and Dumfries (E.D.Va.) areas. During the period of the conspiracy (2011-2013), 100s of grams of heroin were obtained from a source ("Mac') in New York City ("NYC"). This source was introduced to co-defendant Ronnie Jones in mid-2012 by another co-defendant (Kareem Shaw). In the fall of 2012 the defendant became a participant in co-defendant Jones' drug distribution network in the Woodstock area. At the time the defendant was using at least ½ gm. daily, including her own use, she was purchasing approximately 8 grams daily. Over the time of her participation in the conspiracy (approximately 210 days) the government estimates that she purchased, for her own use and for resale, 1.6 kilograms of heroin. During this same period the defendant was aware that co-defendant Jones was obtaining approximately 200 grams of heroin each week (a total of approximately 5.6 kilograms), and on one occasion she went with co-defendant Jones to NYC and met "Mac."

The defendant and her counsel each represented that the oral proffer fairly summarized the the essence of the government's case. *See* Rule 11(b)(3).

After testifying that she had heard and understood all parts of the proceeding, the defendant waived a reading of the Indictment. Upon being then called-upon for her plea, the defendant entered a plea of GUILTY to Count One alleging her violation of Title 21 United States Code, §§ 841(a)(1), 841(b)(1)(C) and 846).

The clerk then read the written guilty plea form to the defendant; after acknowledging it to be correct, the defendant executed it, and it was filed and made a part of the record.

After entering her plea of guilty and after an independent basis for the plea was established, the defendant was again addressed personally. She reconfirmed that her decision to plead guilty was fully voluntary and did not result from any force, threats, promises of leniency or other inducement of any kind (other than that expressly set forth in the plea agreement). *See* Rule 11(b)(2). The defendant reconfirmed her complete satisfaction with the services and assistance of her attorney, and she said he had been "very helpful" and that his help was appreciated.

The defendant was then informed that acceptance of the plea agreement and her guilty plea would be recommended to the presiding district judge, that a pre-sentence report would be prepared, that she would be asked to give information for that report, that her attorney may be present if she wished, and that she and her attorney would have the right to read the pre-sentence report and to file objections to it. The defendant did not request release, and she was remanded to the custody of the United States Marshal pending preparation of the presentence report and acceptance of her plea.

**FINDINGS OF FACT**

Based on the evidence, representations of counsel, and defendant's sworn testimony presented as part of the hearing, the undersigned submits the following formal findings of fact, conclusions and recommendations:

1. The defendant is fully competent and capable of entering an informed plea to the charge set forth in Count One of the Indictment;

2. The defendant is fully aware both of the nature of the charge set forth in Count One of the Indictment and of the consequences of her guilty plea;

3. The defendant is fully informed, and she understands the applicable enumerated items set forth in Rule 11(b)(1)(A)–(O);

4. The defendant's plea of guilty was made pursuant to a fully voluntary written plea agreement;

5. The defendant's entry into the plea agreement and her tender of plea of guilty to Count One was made with the advice and assistance of counsel;

6. The defendant knowingly and voluntarily entered her plea of guilty to Count One of the Information;

7. The defendant's plea of guilty did not result from force, threats, inducements or promises other those promises contained in the written plea agreement;

8. The period of time during which the plea agreement is under consideration by the court is excludable from speedy trial computation (*see* 18 U.S.C. § 3161(h)(1)(G));

9. The plea agreement complies with the requirements of Rule 11(c)(1); and

10. The evidence presents an independent basis in fact containing each essential element of the offense to which the defendant has entered a plea of guilty.

## RECOMMENDED DISPOSITION

Based on the above findings of fact, the undersigned **RECOMMENDS** that the court accept the defendant's plea of **GUILTY** to the offense charged in Count One of the Indictment that she be adjudged guilty of said felony offense, and that a sentencing hearing be set for February 4, 2015 at 10:00 a.m. before the presiding district judge.

## NOTICE TO PARTIES

NOTICE is hereby given to the provisions of 28 U.S.C. § 636(b)(1)(c): Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by the rules of court. The presiding district judge shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which an objection is made. The presiding district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned. The presiding district judge may also receive further evidence or recommit the matter to the undersigned with instructions. **A failure to file timely written objections to these proposed findings and recommendations within fourteen**

**(14) days could waive appellate review.**

The clerk is further directed to transmit a copy of this Report and Recommendation to all counsel of record, and at the conclusion of the fourteen-day period the clerk is directed to transmit the record in this matter to the presiding United States district judge.

DATED: This 12th day of December 2014.

*s/ James G. Welsh*
United States Magistrate Judge